UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIBERTAS CLASSICAL ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:20-cv-997 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| GRETCHEN WHITMER, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR SANCTIONS AND FOR RECONSIDERATION OF TEMPORARY RESTRAINING ORDER

Plaintiff Libertas Classical Association filed a document titled "Third Supplemental Brief & Facts in Support of Motion for TRO or Preliminary Injunction and Motion to Show Cause on Contempt and Rule 11 Sanctions Against the County." (ECF No. 14.) Plaintiff requests expedited relief. The Court will grant the request for expedited relief. The Court will deny Plaintiff's request for sanctions and will also deny Plaintiff's request for reconsideration of its motion for a temporary restraining order.

I.

A brief history, from the Court's perspective. The Ottawa County Department of Public Health (County) has reached out to Libertas (a non-denominational Christian school), on multiple occasions over the past month, all concerning COVID-19 related health mandates. On September 25, 2020, Defendant Mansaray sent Libertas an email identifying two anonymous complaints that the Libertas was not operating in compliance with various health measures. (PageID.48.) The email warned that if Libertas did not comply the public health mandates, the mandates might have to be enforced by local or state officials. On

October 15, Libertas received a cease and desist letter from the County (dated October 6). (PageID.41.) The letter ordered Libertas to cease all operations that did not comply with "the current Emergency Order Under MCL 333.2253."[1] (PageID.42.)

The next day, October 16, counsel for Libertas and for the County exchanged emails. (PageID.45-47.) Counsel for the County assured Libertas that if they filed a lawsuit, the County would not seek enforcement of the cease and desist letter and would let the litigation resolve Libertas' concerns.

Two days later, on October 18, Libertas filed this lawsuit and also sought a Temporary Restraining Order (TRO). The Court denied the request for a TRO in part because of the assurances in the email. The Court ordered the County to file a statement indicating whether it intended to enforce the cease and desist letter.

The County has subsequently learned that teachers have tested positive for COVID-19 and that students had been exposed to infected individuals.

The next day, October 19, the County sent an Order to Libertas. (PageID.119-21.) The County learned that one of the teachers at Libertas tested positive for COVID-19. The letter indicated that the teacher reported symptom onset on October 9, and that she was teaching at school on October 8. The County indicated that the teacher refused to provide any information about individuals who might be considered close contacts. And, Libertas did not make any required disclosures about the case or provide information about who

---

[1] Between the date the letter was sent and the date it was received, the Michigan Department of Health and Human Services issued a new Emergency Order. It is not clear whether the October 5 and the October 9 Emergency Orders are substantively different.

might have been exposed. The County also indicated that the teacher had four children who were likely attending the school and who were likely not quarantining. The County reached out to Libertas by email on October 18 and did not receive a response by 5 p.m. on October 19. The County ordered Libertas to provide contact information for individuals who might have been exposed to the teacher; ordered the second grade class to quarantine until Friday, October 23; and ordered the teacher and her children to stay away from the school for a period of time. Over that day, counsel for both parties exchanged emails during which they disputed the timing of symptoms and interpretations of the CDC guidelines.

On October 22, the County responded to the Court's order. (ECF No. 10.) The County indicated that it would seek to enforce the cease and desist order. (PageID.173.) The County explained that it "cannot afford to ignore one school's flaunting of State Health Orders and expect that good faith and voluntary cooperation to continue at other schools." (PageID.176.) The County informed the Court that it learned on October 20, that a second teacher was seriously ill with COVID-19. (PageID.181.) Like the first teacher, this individual had refused to identify his employer but that he had informed his employer about his illness. The County represented that Libertas had not reported the illness to the County.

Libertas also filed a brief on October 22. (ECF No. 11.) The County issued not one, but two orders against Libertas on October 19. In the second order, the County informed Libertas that "unless there was full compliance with" certain conditions established in the order, "Libertas is ordered to cease and desist all in person school activities as of 12:01 p.m. on Thursday, October 22, 2020." (PageID.229.) Libertas also submitted to the Court a copy of an October 21 email from counsel for the County in which he stated that "if your

client will not reconsider by 12 pm tomorrow, closure notices will be posted on your client's facility beginning tomorrow afternoon. If necessary we will seek law enforcement vehicles on Friday to block entry." (PageID.234.)

With full knowledge of what was contained in these submissions, the Court ordered an expedited briefing schedule for cross motions for a preliminary injunction and scheduled a hearing for the preliminary injunction for Wednesday, October 28.

Overnight, the County closed Libertas.

## II.

Libertas insists the County "is refusing to comply with this Court's second Order from yesterday." (PageID.259.) Libertas contends the County's actions are "contemptuous under Fed. R. Civ. P. 11 and shows a pattern of misconduct by the County that is 'capable of repetition, yet evading review.'" (*Id.*)

Libertas has not established the County's actions should be sanctioned under Rule 11. For Rule 11, Libertas has not identified which filing violated Rule 11(b) or how any filing violated Rule 11(b). Rule 11(c)(2) requires Libertas to send the motion to the County 21 days before filing it with the Court to give the County a chance to correct the problem. Finally, Rule 11(c)(2) requires Libertas to file a motion for sanctions "separate from any other motion." Here, Libertas requests both reconsideration of the TRO and sanctions.

Libertas has not established a basis for the Court to exercise its discretion to hold the County in contempt. "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with

knowledge of the court's order.'" *Elec. Workers Pension Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (2003) (citation omitted). The County has not violated any Court order. The Court issued two orders. The first denied Libertas' request for a TRO and ordered the County to file a statement. The County filed the required statement. Based on that submission, the Court issued the second order, which established an expedited briefing schedule and a hearing. That is all the Court has ordered.

### III.

Libertas asks the Court to reconsider its request for a TRO based on these new events. In its complaint and motion for a TRO, Libertas asserted violations of religious liberties based on social distancing, facial coverings, and limitations on the size of gatherings. The Court identified two reasons Libertas did not establish irreparable injury: (1) the assurance from the County and (2) unreasonable delay. (PageID.109-10.) While the first reason may have been undermined by the County's recent actions, the second reason remains. The injuries identified in the complaint and in the motion for injunctive relief began months ago.

The Court declines to reconsider for a second reason. The County did not close Libertas only because Libertas refused to have its students and staff socially distance, wear face coverings, and limit the size of gatherings. The recent orders by the County make it clear that Libertas has refused to cooperate with the County by providing information about individuals testing for COVID-19 and has refused to share information for contract tracing purposes. Along with the positive COVID-19 tests and student exposure to infected individuals, these new reasons would likely be sufficient for the County to shut the school.

Libertas now contends that the school closure will manifest with irreparable harm. (ECF No. 14-1 Davis Aff. PageID.262-65.) The religious beliefs and practices of parents, students and teachers will be disrupted and their freedom of association and assembly will be cut off. But, the closure was due to Libertas' unwillingness to comply with orders that did not implicate religious beliefs or exercise, at least on the record before this Court. Libertas also points out that parents will lose wages and Libertas will lose tuition money. These financial concerns can be compensated through damages and, therefore, are not irreparable. Libertas also mentions the use of confidential records. The remedy for disclosure of confidential records would be a correction of the record, not a temporary restraining order.

IV.

For these reasons, the Court **DENIES** Libertas' motion for sanctions and for reconsideration of its motion for a temporary restraining order. (ECF No. 14.)

**IT IS SO ORDERED.**

Date: October 23, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge