UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LIBERTAS CLASSICAL ASSOCIATION,

            Plaintiff/Counter-Defendant,

v

GRETCHEN WHITMER, individually and
in her official capacity as Governor of the
State of Michigan, DANA NESSEL,
individually and in her official capacity as
Attorney General of the State of Michigan,
ROBERT GORDON, individually and in
his official capacity as Director of the
Michigan Department of Health and
Human Services, and MARCIA
MANSARAY, individually and in her
official capacity as Deputy Health
Administrator of the Ottawa County
Department of Health,

            Defendants,

and

MARCIA MANSARAY, individually and
in her official capacity as Deputy
Administrator of the Ottawa County
Department of Health,

            Defendant/Counter-Plaintiff.

No. 1:20-cv-00997

HONORABLE PAUL L. MALONEY

MAG. JUDGE PHILLIP J. GREEN

**STATE DEFENDANTS'
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT (ECF
NO. 45)**

---

Ian Alexander Northon (P65082)
Adam J. Baginski (P83891)
Rhoades McKee, P.C.
Attorneys for Plaintiff/Counter-Defendant
Libertas Classical Association
300 Riverfront Plaza Bldg.
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI  49503-2642
(616) 233-5125
inorthon@rhoadesmckee.com
abaginski@rhoadesmckee.com

Daniel J. Ping (P81482)
John G. Fedynsky (P65232)
Assistant Attorneys General
Attorneys for Defendants Gretchen
Whitmer and Robert Gordon
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
PingD@michigan.gov
FedynskyJ@michigan.gov

Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Attorneys for Defendant Dana Nessel
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

Douglas W. Van Essen (P33169)
Elliot J. Gruszka (P77117)
Silver & Van Essen, P.C.
Attorney for Defendant/Counter-
Plaintiff Marcia Mansaray
300 Ottawa Ave., NW, Ste. 620
Grand Rapids, MI  49503
(616) 988-5600
dwv@silvervanessen.com
egruszka@solvervanessen.com

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (ECF NO. 45)

Daniel J. Ping (P81482)
John G. Fedynsky (P65232)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendants Governor
Whitmer and MDHHS Director Gordon
P.O. Box 30736, Lansing, MI 48909
(517) 335–7632
pingd@michigan.gov
fedynskyj@michigan.gov


Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

## TABLE OF CONTENTS

Page

Index of Authorities ............................................................................................... ii

Concise Statement of Issues Presented ...................................................................... iii

Controlling or Most Appropriate Authority ................................................................ iii

Statement of Facts .................................................................................................. 1

Argument ............................................................................................................. 3

I.      The proposed amended complaint is unduly prejudicial and futile. .................. 3

Conclusion and Relief Requested .............................................................................. 7

# INDEX OF AUTHORITIES

Page

**Cases**

*Albright v. Oliver,*
510 U.S. 266 (1994) ................................................................................................ 6

*Bell v. Johnson,*
308 F.3d 594 (6th Cir. 2002) ............................................................................... 6

*Foman v. Davis,*
371 U.S. 178 (1962) ................................................................................................ 3

*Graham v. Connor,*
490 U.S. 386 (1989) ................................................................................................ 6

*Moore v. City of Paducah,*
790 F.2d 557 (6th Cir. 1986) ............................................................................... 3

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) ................................................................................................. 6

**Rules**

Fed. R. Civ. P. 10(c) ..................................................................................................... 4

Fed. R. Civ. P. 15(a)(2)................................................................................................ 3

LCivR 7.2(c)...................................................................................................................... 2

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Should this Court deny Plaintiff's request to amend its complaint as improper, prejudicial, and futile?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

_Authority_:  *Foman v. Davis,* 371 U.S. 178 (1962).

Federal Rule of Civil Procedure 10(c).

## STATEMENT OF FACTS

**Plaintiff and its prior claims**.

Plaintiff Libertas is a private, non-denominational Christian school that

serves approximately 265 students from pre-kindergarten through 12th grade.  On

October 18, 2020, Plaintiff filed its original complaint against Governor Gretchen

Whitmer, Attorney General Dana Nessel, Director of the Michigan Department of

Health and Human Services Robert Gordon (collectively, the State Defendants), and

Deputy Health Administrator of the Ottawa County Department of Health Marcia

Mansaray (the County).  (ECF No. 1.)  Each of these defendants was sued in his or

her individual and official capacities.  Plaintiff's original complaint asserted claims

under the following doctrines:

    I.    Free association clause

    II.    Substantive due process – right to family integrity and education

    III.    Free exercise clause

    IV.    Non-delegation doctrine under Michigan law

    V.    Procedural due process

**Procedural history.**

Contemporaneous with its complaint, Plaintiff filed an emergency motion for

a temporary restraining order or a preliminary injunction.  (ECF No. 2.)  This Court

denied the motion for a TRO prior to hearing from any defendant.  (ECF No. 7.)  On

November 3, 2020, this Court also denied Plaintiff's motion for a preliminary

injunction and indicated that it would abstain from reaching Plaintiff's state law

claims.  (ECF No. 30.)  Plaintiffs appealed that decision to the Sixth Circuit, which

denied relief.  (ECF No. 40.)

Meanwhile, the State Defendants filed a joint motion to dismiss on November

17, 2020.  (ECF Nos. 37, 38.)  Plaintiff's response was due 28 days later—on

December 15, 2020.  *See* W.D. LCivR 7.2(c).  To date, Plaintiff has failed to file a

response.

**Plaintiff's proposed amended complaint (ECF No. 45-1).**

Rather than timely respond to the State Defendants' motion, on December

17, 2020—two days *after* its response brief was due—Plaintiff filed a motion for

leave to amend its complaint.  (ECF No. 45.)  In the process, it failed to comply with

a local rule requiring it to seek the defendants' concurrence in their request to

amend.  By order, this Court permitted Plaintiff to seek defendants' concurrence

within five days of that order.  (12/18/20 Order, ECF No. 46, PageID.1369.)  All

Defendants timely refused to concur, and Plaintiff filed its certificate a day late.

(ECF No. 48.)

Plaintiff's proposed amended complaint differs from the original complaint in

four material respects.  First, it seeks to replace the named County defendant with

a different individual within the Ottawa County Department of Health, Lisa

Stefanovsky, the County's Administrative Health Officer.  Second, it effectively

dismisses all claims against each defendant in his or her individual capacity,

leaving only official-capacity claims.  Third, it adds additional factual allegations

regarding occurrences that postdate its original complaint.  (Among these is a

relabeling of its safety precautions; what used to be "exceptional" mitigation

procedures are now only "adequate.")  Fourth and finally, it adds a substantive due

process claim that seeks to vindicate rights already protected by the First

Amendment.

As amended, Plaintiff's complaint would include the following counts:

  I.    Free association clause

  II.   Substantive due process – right to family integrity and education

  III.  Free exercise clause

  IV.   Non-delegation doctrine under Michigan law[1]

  V.    Procedural due process

  VI.   Substantive due process (free exercise)

The County already has opposed the motion to amend.  (ECF No. 47.)  For the

reasons set forth below, the State Defendants also oppose the motion.

## ARGUMENT

### I.    The proposed amended complaint is unduly prejudicial and futile.

Although leave to amend is freely granted, the same is not true when the

amendment presents undue prejudice to the non-moving party or is futile.  *Foman

v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th

Cir. 1986); Fed. R. Civ. P. 15(a)(2).

---

[1] It should be noted that Plaintiff also seeks to include a statutory-interpretation
claim within its Count IV, although that claim—which does not allege a violation of
Michigan's constitution—is not included in the heading or otherwise identified as a
freestanding count.  (Am. Compl. ¶ 148, ECF No. 45-1, PageID.1322.)

Permitting the proposed amendment would be unduly prejudicial to Defendants.  A dispositive motion is already pending.  And, factually speaking, nothing changed that would require amendment before this Court can properly entertain that motion.  Amendment would accomplish nothing apart from requiring expenditure of judicial and other resources to return this case to where it is right now—a pending dispositive motion making the same threshold legal arguments on the same basic facts—while unduly glossing over Plaintiff's failure to timely respond to that motion.  Accordingly, this Court should decline to permit amendment.

More fundamentally, the requested amendment is futile.  Neither the factual nor legal amendments would add anything legally viable.  For the claims that Plaintiff seeks to excise—*i.e.*, the individual capacity claims—this does not require a fresh complaint or briefing schedule.  If and when Plaintiff responds to the motion to dismiss (or independent of that briefing, for that matter), Plaintiff can and should seek to dismiss those claims.  For the claims Plaintiff would leave intact, Defendants rely upon and adopt and incorporate by reference their pending dispositive arguments.  Fed. R. Civ. P. 10(c).  No factual allegation in the proposed amended complaint bolsters these claims.  And the Sixth Circuit has already ruled that Plaintiff is unlikely to succeed on the merits of its claims.  (ECF No. 40.) Accordingly, Plaintiff has no need to amend its complaint regarding the preexisting claims.

4

Indeed, the proposed amended complaint invokes a superseded DHHS order that prohibited in-person schooling.  (*E.g.*, Am. Compl. ¶ 46(c), ECF No. 45-1, PageID.1304.)  It therefore fails to incorporate the present regulatory landscape, which permits in-person schooling for all ages.[2]  In a different case before this Court raising similar claims, this Court reasoned that this change rendered moot a claim for injunctive relief regarding in-person schooling.  (12/21/20 Order, *Mich. Ass'n of Non-Public Schools v. Gordon,* W.D. Mich. 1:20-cv-1174 PageID.737.)  And, notwithstanding the fact that this portion of Plaintiff's proposed amended complaint is now moot, permitting amendment of an outdated complaint would *compound—* not mitigate—any confusion resulting from the changing circumstances attendant to COVID-19.

Finally, the claim Plaintiff would add—substantive due process—is not actually anything new.  Plaintiff's proposed amended complaint makes clear that this claim, which purports to sound in the Fourteenth Amendment, seeks to vindicate "rights and activities protected by the *First Amendment*."  (Am. Compl. ¶ 169, ECF No. 45-1, PageID.1327 (emphasis added); *see also id.* ¶ 170, PageID.1327 ("The Public Health Orders prohibit conduct protected by the First Amendment in these ways . . . .").)  But "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of

---

[2] *See* Director Gordon's December 18 Gatherings and Face Mask Order, ¶ 5(a), available at https://www.michigan.gov/coronavirus/0,9753,7-406-98178_98455-547899--,00.html (last accessed January 4, 2021).

'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection).   Accordingly, this claim is meritless, and amendment is futile, for reasons already briefed in response to Plaintiff's First Amendment claims.[3]

---

[3] To the extent that the proposed amended complaint could be read to properly add a statutory-interpretation claim under state law, *see* note 1, *supra*, such an addition would be futile for the reasons already briefed regarding Plaintiff's state-law non-delegation claim: namely, the State Defendants' immunity from any such statutory-interpretation claim under the Eleventh Amendment, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); the inability of any such claim to go forward in the State Defendants' absence under Federal Rule of Civil Procedure 19; and the doctrines of *Pullman* and *Thibodaux* abstention.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, the State Defendants respectfully ask this

Court to deny Plaintiff's motion to amend its complaint (ECF No. 45) and grant any

other appropriate relief to the State Defendants.

Respectfully submitted,

/s/ Daniel J. Ping
Daniel J. Ping (P81482)
John G. Fedynsky (P65232)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendants Governor
Whitmer and MDHHS Director Gordon
P.O. Box 30736
(517) 335–7632
pingd@michigan.gov
fedynskyj@michigan.gov

/s/ Ann M. Sherman
Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

Dated: January 6, 2021

7

## CERTIFICATE OF COMPLIANCE WITH LCIVR 7.3(B)(II)

In accordance with LCivR 7.3(b)(ii), this brief contains no more than 10,800 words.  This document contains 2,122 words.

Respectfully submitted,

*/s/ Daniel J. Ping*
Daniel J. Ping (P81482)
John G. Fedynsky (P65232)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendants Governor
Whitmer and MDHHS Director Gordon
P.O. Box 30736
(517) 335–7632
pingd@michigan.gov
fedynskyj@michigan.gov

*/s/ Ann M. Sherman*
Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

Dated: January 6, 2021

8

**PROOF OF SERVICE (E-FILE)**

I hereby certify that on January 6, 2020, I electronically filed the foregoing

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic notice and copies of such filing of the following to the parties:

Ian Alexander Northon                    Douglas W. Van Essen
Adam J. Baginski                         Elliot J. Gruszka
inorthon@rhoadesmckee.com                dwv@silvervanessen.com
abaginski@rhoadesmckee.com               egruszka@solvervanessen.com

A courtesy copy of the aforementioned document was placed in the mail

directed to:  Judge Paul L. Maloney, 137 Federal Bldg., 410 W. Michigan Ave.,

Kalamazoo, MI  49007.

/s/ Daniel J. Ping
Daniel J. Ping (P81482)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendants Governor
Whitmer and MDHHS Director Gordon
P.O. Box 30736
(517) 335–7632
Dated: January 6, 2021                   pingd@michigan.gov

9